**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 21-cv-05695 |
| v. | ) ) ) | District Judge |
| EVENT PRODUCTIONS, INC., an Illinois corporation, | ) ) ) ) | Magistrate Judge |
| *Defendant.* | ) ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Charles A. Whobrey, one of its present trustees, allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq. This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.      Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's

Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4.      The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6.      Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7.      Defendant Event Productions, Inc. ("Event Productions") is a corporation organized under the laws of the State of Illinois.

## CLAIM FOR RELIEF

8.      Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9.      During relevant times, Event Productions was bound by collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters, under which Event Productions was required to contribute to the Pension Fund on behalf of certain of its employees.

10.     The Pension Fund determined that on or about November 26, 2017, Event Productions permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11.     As a result of this complete withdrawal, the Pension Fund determined that Event Productions incurred withdrawal liability to the Pension Fund in the principal amount of $255,375.24, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12.     On or about May 13, 2021, Event Productions received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

13.     On or about June 22, 2021, Event Productions received a past due notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due and forewarning Event Productions of the consequences of failing to pay such withdrawal liability.

14.     Event Productions failed to make any withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

15.     Under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), an employer that timely requests that a fund review a withdrawal liability assessment under section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), may initiate arbitration to dispute the withdrawal liability within the time frame set forth in section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). However, if the employer does not timely request arbitration under section 4221(a)(1) of ERISA, 29 U.S.C.

§ 1401(a)(1), the withdrawal liability amounts demanded by the fund become due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.    Here, Event Productions did not timely request review of the withdrawal liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and therefore has waived the right to initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for –

    (i)    $255,375.24 in withdrawal liability;

    (ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)    an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

    (iv)    attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

                                        Respectfully submitted,

                                        */s/ Kevin M. Kleine*
                                        Kevin M. Kleine, Esq.
                                        (ARDC #6333900)
                                        Central States Funds
                                        Law Department
                                        8647 W. Higgins Road, 8th Floor
                                        Chicago, IL 60631-2803
                                        (847) 939-2574
                                        kkleine@centralstatesfunds.org
                                        *Attorney for Plaintiffs*

October 26, 2021