# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee, | )<br>)<br>)<br>) |
| *Plaintiffs,* | ) Case No. 21-cv-05695 |
| v. | ) District Judge Virginia M. Kendall |
| | ) Magistrate Judge Beth W. Jantz |
| EVENT PRODUCTIONS, INC., an Illinois corporation, | )<br>)<br>) |
| *Defendant.* | ) |

## DEFENDANT EVENT PRODUCTIONS, INC.'S FEE PETITION

Defendant Event Productions, Inc. ("EPI"), by its counsel, respectfully submits this fee petition pursuant to the Court's August 30, 2022 Order granting EPI's Motion for Sanctions (ECF # 35, the "Sanctions Order"). In support of this fee petition, EPI states as follows:

**A. Background**

1. The background relevant to this fee petition is set forth in the Court's Sanctions Order. (*See* ECF # 35 at 1-2.) EPI briefly restates that background here.

2. On October 26, 2021, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee (together, "Plaintiffs") filed their Complaint for alleged withdrawal liability. (ECF # 1, the "Complaint").

3. The central allegation in Plaintiffs' Complaint was that, "[d]uring relevant times, [EPI] was bound by collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters, under which [EPI] was required to contribute to the Pension Fund on behalf of certain of its employees." (*Id.* ¶ 9.)

4.      On April 14, 2022, EPI served a draft Rule 11 motion for sanctions on Plaintiffs and requested Plaintiffs to withdraw their complaint because EPI has never been a party to a collective bargaining agreement and Plaintiffs did not and could not identify one. Plaintiffs did not withdraw their complaint, and on May 24, 2022, EPI filed its Rule 11 motion for sanctions. (ECF # 20.)

5.      After a status hearing on May 27, 2022 (*see* ECF # 23) and full briefing by the parties (*see* ECF # 27 & # 30), the Court held a hearing on August 30, 2022 (*see* ECF # 34). The Court granted EPI's motion for sanctions, ordered Plaintiffs "to pay [EPI's] reasonable attorneys' fees and costs in bringing [its] motion," and directed EPI to file a fee petition. (ECF # 35 at 3.)

**B. Calculation of Attorneys' Fees**

6.      Sperling & Slater, P.C. ("Sperling"), through its attorneys Greg Shinall and Trevor K. Scheetz, has at all relevant times represented EPI in this lawsuit.

7.      Sperling tracks its time contemporaneously and invoices EPI for time expended on an hourly basis. Greg Shinall's hourly billing rate for this matter was $975/hour during the relevant period. Trevor Scheetz's hourly billing rate for this matter was $575/hour during the relevant period.

8.      These hourly rates are fair and reasonable for the attorneys' skills, backgrounds, and experience, and they also are consistent with the prevailing market billing rates for attorneys of similar experience and background in the Chicago legal community.[1] EPI paid Sperling for its

---

[1]     Greg Shinall was admitted to the Illinois bar in 1990, has been a complex commercial litigator for his entire career, has been a partner at Sperling since 1998, has been a member of this Court's trial bar since 1996, and has an AV Preeminent peer rating. Trevor Scheetz was admitted to the Illinois bar in 2011, has been a complex commercial litigator ever since clerking for a federal appellate court judge, has been a member of this Court's trial bar since 2015, has been a partner at Sperling since 2019, and has an AV Preeminent peer rating.

work on this case at these hourly rates. These rates are commensurate with the rates Sperling charges other hourly clients.

9. The attorneys' fees reflected in paid invoices are presumptively reasonable, as they reflect the agreement of the parties to the contract. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value, it *is* market value . . . . the best guarantee of reasonableness is willingness to pay.") (emphasis in original).

10. Exhibit 1 to this petition is an invoice for Sperling's time and expenses for this action from service of the Complaint in October 2021 through August 2022, including time spent and billed by Sperling in connection with EPI's Rule 11 motion. (Time entries not directly related to the Rule 11 motion have been redacted.) EPI has paid this invoice in full.

11. Exhibit 2 to this petition is a table showing and totaling the time directly related to the Rule 11 motion and the amounts billed for such work. The time spent on the Rule 11 motion amounted to 57.5 attorney hours, not including time spent preparing the fee petition. The attorney time includes, among other things, time spent:

- Drafting the Rule 11 motion and accompanying correspondence to Plaintiffs;

- Reviewing and analyzing Plaintiffs' four-page letter responding to the draft Rule 11 motion, including authorities cited in that letter and 82 pages of documents produced with it;

- Filing the Rule 11 motion after the safe harbor period expired;

- Preparing for and attending the May 31, 2022 initial hearing on the Rule 11 motion;

- Reviewing and analyzing Plaintiffs' response to the Rule 11 motion, which totaled 337 pages including a declaration and attachments thereto;

- Preparing and filing a reply brief in support of the Rule 11 motion; and

- Preparing for and attending the August 30, 2022 hearing on the Rule 11 motion.

12. The total attorneys' fees that EPI incurred in connection with the Rule 11 motion, not including fees and costs incurred in relation to this fee petition, is $49,262.50. Accordingly, EPI respectfully requests an award of $49,262.50 in attorneys' fees for Sperling's work in connection with EPI's Rule 11 motion.

WHEREFORE, for the foregoing reasons, Defendant Event Productions, Inc. respectfully requests that the Court award it $49,262.50 in reasonable attorneys' fees and such other and further relief as the Court deems appropriate under the circumstances.

Dated: September 13, 2022

Respectfully submitted,

EVENT PRODUCTIONS, INC.

*/s/ Greg Shinall*
One of its attorneys

Greg Shinall
Trevor K. Scheetz
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
shinall@sperling-law.com
tscheetz@sperling-law.com

## **CERTIFICATE OF SERVICE**

  I, Greg Shinall, an attorney, certify that a true and correct copy of the foregoing Fee Petition was filed *via* the Court's Electronic Filing System on September 13, 2022.

                      */s/ Greg Shinall*